UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 4:17-CR-693

JEROME ELIAS RIVERA

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Justin R. Martin, Assistant United States Attorney, and the defendant, Jerome Elias Rivera ("Defendant"), and Wendell A. Odom, attorney for Defendant, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.      Defendant agrees to plead guilty to Count One of the Information. Count One charges Defendant with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment proved to a jury and proven beyond a reasonable doubt.

### Statutory Penalties

2.      The statutory maximum penalty for each violation of 18 U.S.C. § 371, is a term of imprisonment of not more than 5 years, *see* 18 U.S.C. § 371, and a fine of not more than $250,000. *See* 18 U.S.C. § 3571. Additionally, Defendant may receive a term of supervised release after imprisonment of not more than 3 years. *See* 18 U.S.C. §§ 3559(a), 3583(b). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the

entire term of supervised release, without credit for time already served on the term of supervised

release prior to such violation. *See* 18 U.S.C. § 3583(e)(3). Defendant understands that he cannot

have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.      Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, Defendant

will pay to the Clerk of the United States District Court a special assessment of $100.00 per count

of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the

United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208,

Attention: Finance.

## Sentencing Guidelines

4.      The parties agree that the amount of loss attributable to the defendant pursuant to

U.S.S.G. § 2B1.1(b)(1) is $147,375.

## Immigration Consequences

5.      Defendant recognizes that pleading guilty may have consequences with respect to

his immigration status if he is not a citizen of the United States. Defendant understands that if he

is not a citizen of the United States, by pleading guilty he may be removed from the United States,

denied citizenship, and denied admission to the United States in the future. Defendant's attorney

has advised Defendant of the potential immigration consequences resulting from Defendant's plea

of guilty.

## Waiver of Appeal and Collateral Review

6.      Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant

the right to appeal the conviction and sentence imposed. Defendant is also aware that 28 U.S.C.

§ 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under 28 U.S.C. § 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7.       In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.       Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9.      At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines.

10.      If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines and Defendant's offense level is 16 or greater, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense.

11.      The United States agrees to recommend a sentence at the low end of the correctly calculated Sentencing Guideline level.

### Agreement Binding - Southern District of Texas Only

12.      The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

13.      The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

a.      to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

b.      to set forth or dispute sentencing factors or facts material to sentencing;

c.      to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

d.      to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(a); and

e.      to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

14.     Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of 18 U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

15.     Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

      a.     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

      b.     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

      c.     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

16.     Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

17.     During tax years 2010 through 2012, Thomas E. Johnson, Jerome E. Rivera, and Matthew J. Mitchell owned and operated several sports bars using the brand name On the Rox. Each On the Rox location was owned by a separate corporate entity. The ownership percentages of each On the Rox varied by location, and are described in the following chart:

| On the Rox Location | Johnson Ownership % | Rivera Ownership % | Mitchell Ownership % |
|---|---|---|---|
| 9507 Jones Rd., Houston, TX | 100% | 0% | 0% |
| 13845 Cypress N. Houston Rd., Houston, TX | 34% | 33% | 33% |
| 9803 Spring Cypress Rd., Houston, TX | 51% | 49% | 0% |
| 592 Sawdust Rd., Houston, TX | 34% | 33% | 33% |

18.     Johnson, Rivera, and Mitchell used QuickBooks to maintain records of the business sales of each On the Rox location. In addition, each On the Rox location contained vending machines, including pool tables, dart boards, juke boxes, and 8-liner slot machines, that collected revenue from customers in the form of cash. However, the revenue generated from these machines ("the vending income") was not included in the QuickBooks records. Rather, Johnson, Rivera, and Mitchell maintained a separate set of records for the vending income generated by each On the Rox location. Johnson, Rivera, Mitchell were each aware of and agreed to maintain the separate set of records as part of their agreement to defraud the United States. Furthermore, Johnson, Rivera, and Mitchell divided the vending income from each location between themselves according to its ownership percentage. Each owner's share of the vending income was distributed in the form of cash, which was also a part of, and in furtherance of, the agreement to defraud the United States.

19.     Also in furtherance of the conspiracy, defendant Rivera failed to include this income on tax returns filed with the IRS. On or about September 14, 2011, Rivera filed a Form 1040 with the IRS for tax year 2010 that failed to include his share of the vending income. In addition, Rivera did not file a tax return for tax years 2011 and 2012.

20.     For tax years 2010, 2011, and 2012, Rivera failed to report vending and other income of $557,289. Rivera's failure to pay taxes on this income resulted in a tax loss to the United States of $147,375.

## Breach of Plea Agreement

21.     If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

22.     This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

23.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the

8

United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

24.     Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

25.     Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Restitution**

26.     Defendant agrees to pay full restitution to the victim, the Internal Revenue Service, regardless of the count of conviction. Defendant and the United States agree that the amount of restitution owed to the IRS is $147,375. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

27.     Defendant understands that the IRS will use the amount of restitution ordered as the basis for a civil assessment pursuant to 26 U.S.C. § 6201(a)(4). Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office.

28.     Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the defendant's name, Social Security number, the name of the District Court ("Southern District of Texas"), the docket number assigned to this case ("4:17-CR-693"), the Tax years for which restitution has been ordered, and a statement that the payment is being submitted pursuant to the District Court's restitution order. Defendant will include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS address below:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

29.     Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the identifying information listed in the previous paragraph, to the IRS at the same address listed above.

**Fines**

30.     Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any

imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

31.     This written plea agreement, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

32.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed in Houston, Texas, on __1/25/2018__.

_____
Jerome Elias Rivera
Defendant

Subscribed and sworn to before me on __January 25, 2018__.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

_____
Deputy United States District Clerk

11

APPROVED:

Ryan K. Patrick
United States Attorney

Justin R. Martin
Assistant United States Attorney
Southern District of Texas

Wendell A. Odom
Attorney for Defendant

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO.

JEROME ELIAS RIVERA

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____           1 - 25 - 18
Attorney for Defendant                     _____
                                           Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____           1-25-18
Defendant                                  _____
                                           Date